UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                       NO. 03-257

JOHNNY GRAHAM                                                    SECTION "K"(1)


ORDER AND OPINION

Before the Court is Johnny Graham's petition under 28 U.S.C § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

I.   BACKGROUND

Johnny Graham pled guilty to count one of a third superseding indictment charging him with conspiracy to possess with the intent to distribute five kilograms or more of cocaine hydrochloride ("cocaine"). He agreed with the factual basis underlying the guilty plea that he conspired to possess with the intent to distribute the specified amount of cocaine, that he was a conspirator in a conspiracy to possess with the intent to distribute cocaine, and that several individuals and cooperating defendants had provided evidence that he was involved in cocaine and narcotics trafficking in and around the Florida Housing Development in New Orleans. While the indictment included a charge of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base ("crack cocaine"), the factual basis underlying Graham's guilty plea did not include an admission that he had trafficked in crack cocaine.

1

During the plea colloquy, the Court informed Graham that the maximum term of imprisonment he could receive for the conspiracy to possess with the intent to distribute five kilograms or more of cocaine was life in prison. Also, in response to the Court's questioning, Graham acknowledged that he understood that if the sentence imposed was more severe than he anticipated, he would nonetheless be bound by his plea and have no right to withdraw it.

The Court considered the Presentence Investigation Report ("PSR"), prepared by the United States Probation Office, prior to sentencing Graham, which included evidence of Graham's involvement in the cooking and distribution of crack cocaine. Graham filed a number of objections to the PSR, including an objection to the use of crack cocaine in determining the applicable United States Sentencing Guideline, upon which the Court heard relevant arguments and testimony from witnesses.

At the outset of the sentencing hearing, the Court sealed the courtroom over defense counsel's objections due to security concerns raised by the Assistant United States Attorneys ("AUSA") prosecuting the matter after consultation with Acting Chief Deputy United States Marshal Jacques Thibodeaux, who was in charge of courtroom security. Specifically, the AUSA informed the Court that one of the witnesses was receiving added protection and had undergone a name change. They further notified the Court that all the other witnesses were part of the same community and generally afraid of reprisal for their testimony. The Court then overruled Graham's objections to the PSR, and found the applicable guideline range to be 360 months to life. Thereafter, the Court granted a downward departure for a sentence of 300 months, or 25 years.

Graham appealed his sentence to the United States Court of Appeals for the Fifth Circuit claiming that he did not understand what charge he pled guilty to, and that his sentence was based on criminal activity for which he did not plead guilty. The Fifth Circuit affirmed Graham's sentence, finding that since Graham was advised of the potential maximum sentence of life imprisonment, he was fully aware of the consequences of his plea. *United States v. Harris*, 304 Fed. Appx. 270, 273 (5th Cir 2008). Furthermore, the Fifth Circuit found that the consideration of the 50 grams or more of crack had no effect on the statutory sentencing range. *Id*. Graham failed to file a writ of certiorari to the United States Supreme Court, and thereafter filed this motion under 28 U.S.C. § 2255.

## II.     LAW AND ANALYSIS

Title 28 U.S.C § 2255 provides in pertinent part:

> **(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> **(b)** Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Graham contends that (1) his counsel rendered ineffective assistance in violation of the Sixth Amendment; (2) the district court sealed the courtroom during sentencing in violation of the Sixth Amendment; and (3) he was denied the due process of law.

A.   Ineffective Assistance of Counsel

A finding of ineffective assistance "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To make such a showing, the petitioner must show both (1) deficient performance and (2) prejudice to the defense. *Id*. For the first prong, deficient performance, counsel is judged by the standard of reasonably effective assistance, and there is a strong presumption that counsel's conduct falls within such range. *Id.* at 687-689. The second prong, prejudice, requires petitioner to show that but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694. If the Court finds that the petitioner has made an insufficient showing at either stage of inquiry, the Court may dispose of the claim. *Id.* at 697.

Graham contends that his trial counsel rendered ineffective assistance because counsel advised him that he was pleading guilty to trafficking in powder cocaine only, and that he would be sentenced only on the basis of what was contained in the factual basis. He claims that his sentence was much longer than expected because of the amounts of crack cocaine attributed to him, and that he would have proceeded to trial on all of the charges instead of admitting involvement in crack cocaine trafficking.

Graham's contention of ineffective assistance of counsel is baseless. Graham has not and cannot show that he sustained prejudice. The Court advised Graham that as a result of his guilty

plea to the trafficking in powder cocaine only, he faced a maximum sentence of life in prison. Furthermore, the Court also advised him that he would have no right to withdraw his guilty plea if the sentence was more severe than he expected. Thus, even assuming *arguendo* that Graham could show deficient performance, he clearly has not shown prejudice, and thus his claim must fail.

Next, Graham argues that his attorney on appeal rendered ineffective assistance because counsel failed to raise a Sixth Amendment public trial claim. It is well settled that counsel need not raise every potential claim on appeal in order to be considered effective. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751-752. Review of appellate counsel's actions should focus on whether counsel supported his client's appeal to the best of his ability. *Id*. at 754.

It is reasonable to conclude that Graham's counsel considered it tactfully beneficial to not to raise the Sixth Amendment public trial claim on appeal so as to direct focus on other stronger arguments. Accordingly, since it is improper "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client," Graham's claim is unfounded. *Id*.

Lastly, Graham asserts that his appellate counsel was ineffective because counsel failed to file a petition for a writ of certiorari with Supreme Court. A criminal defendant does not have a constitutional right to counsel beyond his first appeal. *Douglas v. California,* 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Consequently, a petitioner cannot claim

constitutionally ineffective assistance of counsel on discretionary review. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, Graham's contention lacks legal merit.

B.      Denial of a Public Trial

Graham contends that his Sixth Amendment right to a public trial was violated when the Court sealed the courtroom during sentencing.

It is well settled that the right to a public trial is not absolute, and cannot serve as justification for a limitless imperative. *Lacaze v. United States*, 391 F.2d 516, 521 (5th Cir. 1968). Indeed, this right may give way in certain circumstances to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting the disclosure of sensitive information. *Waller v. Georgia*, 467 U.S. 39, 45, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). The right to a public trial does not preclude a limited exclusion of spectators when there is a demonstrated need to protect witnesses from threatened harassment or physical harm. *United States v. Hernandez*, 608 F.2d 741, 747 (9th Cir. 1979).

The safety and security of the cooperating witnesses was a concern. One of the witnesses was receiving added protection and had undergone a name change. All the other witnesses were part of the same community and generally afraid of reprisal for their testimony. Also, only the sentencing hearing was closed, and the transcript was later made available, thus limiting the exclusion. Therefore, Graham's contention is without merit.

C.      Denial of Due Process

Graham claims that the government withheld exculpatory material under *Brady*[1] and *Giglio*[2], and thus deprived him of the due process of law. Brady prohibits the government from suppressing evidence favorable to the accused when the evidence is material either to guilt or punishment. *United States v. Davis,* 609 F.3d 663, 696 (5th Cir. 2010). To establish a *Brady* violation, a defendant must show that (1) the prosecution did not disclose the evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material. *Id*. *Giglio* applied the *Brady* rule to evidence affecting the credibility of key government witnesses. *Id*. Thus, a *Giglio* violation usually occurs when a cooperating witness denies having a plea agreement and the prosecutor fails to correct the misstatement. *Id*.

Graham simply makes a conclusory argument that the government withheld exculpatory and impeachment material. He does not specify what evidence that the government allegedly withheld, and therefore cannot establish that the evidence was favorable to the defense or material. Thus, under both *Brady* and *Giglio,* Graham's claims lack merit. Accordingly,

The Court DENIES Graham's petition under 28 U.S.C § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

New Orleans, Louisiana, this 6th day of July, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[2] *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).